2020 IL App (1st) 181220

No. 1-18-1220

Opinion filed December 31, 2020

Fourth Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit |
| | ) | Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 08 CR 2655 |
| | ) | |
| KARL SMITH, | ) | Honorable |
| | ) | Thomas Joseph Hennelly, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Presiding Justice Gordon and Justice Reyes concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Karl Smith appeals the second-stage dismissal of his postconviction petition. He argues that he is entitled to a remand for further second-stage proceedings because the attorney who represented him at the hearing on the State's motion to dismiss his petition did not comply with the requirements of Illinois Supreme Court Rule 651(c). The State counters that the attorney was not required to independently satisfy the duties prescribed by Rule 651(c) because her

predecessor counsel had already filed a valid Rule 651(c) certificate. For the following reasons, we agree with the State and affirm the circuit court's judgment.[1]

¶ 2                                    I. BACKGROUND

¶ 3      In January 2008, defendant and two other men forced their way into an apartment that Gabriel Curiel shared with his brother, Jonathon Collazo. Gabriel's three children, including six-year-old David, were also present at the time. The intruders stole money and cannabis from a safe in the apartment. During the incident, David was shot in the head, and Gabriel was beaten, stabbed in the chest, and shot in the shoulder. Both were seriously injured but survived.

¶ 4      At a jury trial in 2011, Gabriel and Collazo identified defendant as one of the offenders. The State also called David, then nine years old, to testify. Before trial, defendant requested a hearing on David's competency, but the trial court stated that it would address that issue at trial. After taking the stand, David answered several preliminary questions, but when asked about the day of the attack, he responded "I need a hug" and "I want my mom." The jury was then excused, and defense counsel moved for a mistrial, arguing that David's emotional reaction in front of the jury had prejudiced defendant. The trial court denied that request, but stated that it would conduct a competency hearing if the State recalled David to the stand. The State did not recall David and the trial court later instructed the jury to disregard his testimony and what had occurred while he was on the stand.

¶ 5      The jury found defendant guilty of two counts of attempted first degree murder, two counts of aggravated battery with a firearm, and one count each of home invasion, armed robbery, and

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

aggravated battery of a child. The trial court sentenced defendant to consecutive prison terms of 30 years and 25 years on the attempted first degree murder convictions and consecutive terms of 22 years for the home invasion and armed robbery convictions, for an aggregate sentence of 99 years. The court imposed concurrent sentences of 30 years and 15 years on the aggravated battery with a firearm convictions and no sentence on the aggravated battery of a child conviction, which merged with one of the aggravated battery with a firearm convictions.

¶ 6     On direct appeal, defendant argued that his aggravated battery convictions should be vacated under the one-act, one-crime rule because they were based on the same physical acts as his attempted first degree murder convictions, namely, the shootings of Gabriel and David. We vacated one of defendant's aggravated battery with a firearm convictions and his aggravated battery of a child conviction because those convictions were based on defendant's act of shooting David, which was the same act underlying his conviction for attempted first degree murder of David. *People v. Smith*, 2013 IL App (1st) 120311-U, ¶ 8. But we affirmed defendant's other aggravated battery with a firearm conviction because that conviction was based on defendant's act of shooting Gabriel, while his conviction for attempted first degree murder of Gabriel was based on his distinct act of stabbing Gabriel. *Id.* ¶ 9.

¶ 7     In March 2014, defendant filed a *pro se* postconviction petition, alleging that (1) he was not proven guilty beyond a reasonable doubt, (2) the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose David's pretrial statement identifying him, (3) the trial court erred in rejecting his request for a pretrial hearing on David's competency to testify, which caused him prejudice when David had an emotional breakdown in front of the jury, (4) the trial court erred in imposing consecutive sentences for convictions arising from the same course of conduct and not

informing him before trial that he could receive consecutive sentences, and (5) his appellate counsel was ineffective for failing to raise the preceding claims on direct appeal.

¶ 8    When the trial court failed to rule on the petition in 90 days, it automatically advanced to second-stage proceedings and the court appointed the Office of the Public Defender to represent defendant. On January 23, 2015, Assistant Public Defender (APD) Denise Avant appeared on defendant's behalf. On April 22, 2016, after several continuances, APD Avant filed a certificate under Illinois Supreme Court Rule 651(c) attesting that she had consulted with defendant by phone to ascertain his contentions of deprivations of constitutional rights, had reviewed the transcript of defendant's trial and the briefs from his direct appeal, had spoken with defendant's trial counsel, had researched the issues in defendant's *pro se* petition, and had determined that no supplemental petition was necessary to adequately present defendant's contentions.

¶ 9    On April 6, 2017, the State filed a motion to dismiss defendant's petition, arguing that it was untimely and that defendant's claims were meritless. On August 4, 2017, APD Avant filed a response to the State's motion, conceding that defendant filed his petition 38 days late but arguing that the delay should be excused because defendant was not culpably negligent. In support, APD Avant submitted an affidavit from defendant explaining that he had only a tenth grade education and was unfamiliar with the legal rules for calculating the deadline for filing a postconviction petition.

¶ 10    Sometime after filing the response to the State's motion to dismiss, APD Avant left the Public Defender's office and the case was reassigned to APD Kristine Underwood. On March 26, 2018, APD Underwood represented defendant at the hearing on the State's motion to dismiss. APD Underwood argued that the untimeliness of defendant's petition should be excused because his

mistake in calculating the deadline for filing the petition did not constitute culpable negligence. On the merits, APD Underwood focused on defendant's claim that the trial court erred in denying his request for a pretrial hearing on David's competency to testify. APD Underwood argued that, in light of David's age and the head injuries he suffered in the shooting, a pretrial hearing on his competency was warranted. And though David ultimately did not testify at trial, APD Underwood argued that defendant was prejudiced by the lack of a pretrial competency hearing when David became emotional in front of the jury while attempting to testify.

¶ 11    In an oral ruling, the trial court granted the State's motion to dismiss. The court found that defendant's petition was untimely, but it did not address the argument that the lateness should be excused due to defendant's lack of culpable negligence. The trial court also found that defendant's claims were meritless. As for the claim that the court erred in denying defendant's request for a pretrial hearing on David's competency, the court noted that David ultimately did not testify and that the jury was instructed to disregard what occurred when he was briefly called to the stand. After the court announced its ruling, defendant filed a timely notice of appeal.

¶ 12                                    II. ANALYSIS

¶ 13    Defendant's sole argument on appeal is that he is entitled to a remand for further second-stage proceedings because APD Underwood did not file a Rule 651(c) certificate and the record does not otherwise establish that she independently complied with the duties specified by the rule. Defendant does not dispute that APD Avant complied with the requirements of Rule 651(c). But he argues that, regardless of APD Avant's compliance, APD Underwood, as the attorney who represented him at the hearing on the State's motion to dismiss, was independently required to comply with Rule 651(c). We review an attorney's compliance with Rule 651(c) *de novo*.

*People v. Profit*, 2012 IL App (1st) 101307, ¶ 17. We likewise review the scope of an attorney's duties under Rule 651(c) *de novo*. See *People v. Suarez*, 224 Ill. 2d 37, 41-42 (2007) (questions concerning the proper interpretation of a supreme court rule are reviewed *de novo*).

¶ 14    Under the Post-Conviction Hearing Act, when a postconviction petition is not dismissed as frivolous or patently without merit within 90 days after it is filed, the petition advances to second-stage proceedings, including the appointment of counsel. 725 ILCS 5/122-2.1(b) (West 2018); 725 ILCS 5/122-4 (West 2018); *People v. Bailey*, 2017 IL 121450, ¶ 18. There is "no constitutional right to counsel, effective or otherwise," in postconviction proceedings. *People v. Custer*, 2019 IL 123339, ¶ 30; see *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the right to counsel recognized by the Post-Conviction Hearing Act exists as a matter of legislative grace. *Custer*, 2019 IL 123339, ¶ 30. A postconviction petitioner is thus "entitled to only the level of assistance guaranteed by the Act." (Internal quotation marks omitted.) *Id.* That "required quantum of assistance has been judicially deemed to be a 'reasonable level,' a standard that is significantly lower than the one mandated at trial by our state and federal constitutions." *Id.* (quoting *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006)).

¶ 15    To ensure that postconviction petitioners receive the reasonable level of assistance guaranteed under the Post-Conviction Hearing Act, Rule 651(c) requires postconviction counsel to perform three specific tasks. *Suarez*, 224 Ill. 2d at 42. In particular, Rule 651(c) requires postconviction counsel to "consult[ ] with [the] petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, *** examine[ ] the record of the proceedings at the trial, and [make] any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of [the] petitioner's contentions." Ill. S. Ct.

R. 651(c) (eff. July 1, 2017); see *People v. Kirk*, 2012 IL App (1st) 101606, ¶ 18. These duties serve "to ensure that counsel shapes the petitioner's claims into proper legal form and presents those claims to the court." *People v. Perkins*, 229 Ill. 2d 34, 44 (2007). When a postconviction attorney files a certificate attesting that she has performed the duties mandated by Rule 651(c), the certificate gives rise to a rebuttable presumption that counsel provided the reasonable level of assistance guaranteed by the Post-Conviction Hearing Act. *Profit*, 2012 IL App (1st) 101307, ¶ 19.

¶ 16    As noted, defendant does not dispute that APD Avant filed a Rule 651(c) certificate, and he makes no attempt to overcome the presumption that APD Avant provided him the reasonable assistance guaranteed by the Post-Conviction Hearing Act. Instead, defendant contends that APD Underwood, who replaced APD Avant as his counsel prior to the hearing on the State's motion to dismiss, was herself required to comply with Rule 651(c)'s requirements. But we find no support for this contention in either the Post-Conviction Hearing Act or Rule 651(c).

¶ 17    This court's decision in *People v. Marshall*, 375 Ill. App. 3d 670 (2007), is instructive. There, a defendant who was denied postconviction relief after a third-stage evidentiary hearing argued that the attorneys who represented her at the evidentiary hearing were required to comply with the requirements of Rule 651(c) even though the attorney who previously represented her at the second-stage proceedings on her petition had already certified compliance with the rule's requirements. *Id.* at 672, 679. In rejecting this contention, we held that "Rule 651(c)'s requirements must be met only once and not, as defendant suggests, by attorneys representing a defendant at each stage of postconviction proceedings." *Id.* at 682.

¶ 18    We explained that counsel at the various stages of the postconviction process have distinct roles. In particular, counsel at second-stage proceedings must satisfy Rule 651(c)'s requirements

of consulting with the petitioner, reviewing the record, and making any necessary amendments to the petitioner's *pro se* petition "so that the State can fully review the defendant's claims and determine if it will move to dismiss them." *Id.* at 683. "An attorney at the evidentiary hearing stage," by contrast, "must argue the merits of the postconviction petitioner's claims as presented in the petition following review by counsel at the second stage." *Id.* In light of these distinctive roles, we concluded that "Rule 651(c) does not require third-stage counsel to duplicate the efforts of second-stage counsel." *Id.*

¶ 19 Although *Marshall* did not address the precise question presented here, we think its reasoning applies with full force. Defendant does not dispute that APD Avant consulted with him to ascertain his contentions of constitutional error, reviewed the record of his trial proceedings, and reasonably determined that no amendments to his *pro se* petition were necessary to adequately present his claims. By certifying her compliance with these duties, APD Avant created a rebuttable presumption, which defendant does not attempt to overcome, that APD Avant provided the level of reasonable assistance mandated by the Post-Conviction Hearing Act. *Profit*, 2012 IL App (1st) 101307, ¶ 19. In addition to complying with the duties specified in Rule 651(c), APD Avant filed a written response to the State's motion to dismiss, urging the trial court to excuse the tardy filing of defendant's *pro se* petition due to a lack of culpable negligence on defendant's part. Defendant likewise makes no argument that APD Avant rendered unreasonable assistance in responding to the State's motion.

¶ 20 When APD Underwood replaced APD Avant as defendant's counsel, all that was left to do was orally argue defendant's position at the hearing on the State's motion to dismiss. Much like the attorneys at the third-stage evidentiary hearing in *Marshall*, APD Underwood's role was

different than that of the attorney she replaced. Her task was to urge that the untimely filing of defendant's *pro se* petition be excused (as APD Avant had previously done in writing) and "argue the merits of [defendant's] claims as presented in the petition following review by [APD Avant]." *Marshall*, 375 Ill. App. 3d at 683. To perform that limited role, it was not necessary for APD Underwood to independently consult with defendant to ascertain his contentions of constitutional error, review the trial record, or determine whether any amendments to defendant's *pro se* petition were necessary to adequately present his claims. APD Underwood was entitled to rely on APD Avant's certificate of compliance with respect to those duties and was not required "to duplicate [APD Avant's] efforts." *Id.*

¶ 21    Resisting this conclusion, defendant cites two decisions of the Second District applying Illinois Supreme Court Rule 604(d). That rule provides that, when a defendant moves to withdraw his guilty plea or reconsider the sentence imposed following his plea, the defendant's attorney must certify that he "has consulted with the defendant *** to ascertain defendant's contentions of error ***, has examined the [relevant records], and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). In *People v. Ritchie*, 258 Ill. App. 3d 164, 166-67 (1994), and *People v. Herrera*, 2012 IL App (2d) 110009, ¶ 11, the Second District held that the attorney who represents a defendant at the hearing on his motion must independently certify compliance with Rule 604(d), even if an earlier attorney who has since withdrawn previously certified his own compliance. *Ritchie* explained that "one purpose of [Rule 604(d)] is to assure that all of [a] defendant's viable contentions of error are presented to the court," and that that purpose would be "frustrated if an affidavit by an attorney who no longer represents [the] defendant is deemed adequate compliance

with the rule." *Ritchie*, 258 Ill. App. 3d at 166-67. *Herrera* further reasoned that, due to "the strict forfeiture provision of Rule 604(d) ***, fundamental fairness requires that the defendant have the assistance of counsel in preparing and *presenting* his motion, and Rule 604(d) ensures that those duties are performed and that the defendant's due process rights are protected." (Emphasis in original.) *Herrera*, 2012 IL App (2d) 110009, ¶ 11.

¶ 22 Assuming *arguendo* that *Ritchie* and *Herrera* correctly interpreted the requirements of Rule 604(d), we reject defendant's call to extend that interpretation to Rule 651(c). Although superficially similar, Rule 604(d) and Rule 651(c) serve fundamentally distinct purposes. Rule 604(d) protects a defendant's constitutional right to effective assistance of counsel at a critical stage of the proceedings on his guilty plea. *People v. Young*, 355 Ill. App. 3d 317, 324 (2005). In contrast, Rule 651(c) protects only the statutory right to reasonable assistance of counsel that applies in postconviction proceedings. *Custer*, 2019 IL 123339, ¶ 30. Thus, even if the attorney who represents a defendant at the hearing on his motion to withdraw his guilty plea or reconsider the sentence imposed following his guilty plea must certify compliance with Rule 604(d) despite a predecessor attorney's earlier certificate, there is no logical reason why the same rule should apply to a postconviction attorney's compliance with the requirements of Rule 651(c), since the standards of attorney performance that those rules protect differ so drastically. See *Custer*, 2019 IL 123339, ¶ 30 (standard of reasonable assistance guaranteed in postconviction proceedings "is significantly lower than the [standard] mandated at trial by our state and federal constitutions").

¶ 23 The duties imposed on postconviction counsel under Rule 651(c) exist to ensure that postconviction petitioners receive the reasonable assistance of counsel guaranteed by the Post-Conviction Hearing Act. *Suarez*, 224 Ill. 2d at 42. Here, APD Avant certified that she complied

with the duties specified in Rule 651(c), including consulting with defendant to ascertain his contentions of constitutional error, reviewing the trial record, and determining that no amendments to his *pro se* petition were necessary to adequately present his claims. APD Avant's certificate created a rebuttable presumption that defendant received reasonable assistance of postconviction counsel. *Profit*, 2012 IL App (1st) 101307, ¶ 19. APD Underwood, who replaced APD Avant prior to the hearing on the State's motion to dismiss, was not required to duplicate APD Avant's efforts and independently perform the duties specified in Rule 651(c) in order to provide reasonable assistance at the motion hearing.

¶ 24    Because defendant has not rebutted the presumption of reasonable assistance created by APD Avant's Rule 651(c) certificate, nor identified any specific deficiency in APD Underwood's performance other than her failure to independently comply with Rule 651(c), there is no basis to remand this matter for further second-stage proceedings.

¶ 25                                III. CONCLUSION

¶ 26    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 27    Affirmed.

---

**No. 1-18-1220**

---

| | |
|---|---|
| **Cite as:** | *People v. Smith*, 2020 IL App (1st) 181220 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 08-CR-2655; the Hon. Thomas Joseph Hennelly, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Patricia Mysza, and Peter Sgro, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, and Tyler J. Cox, Assistant State's Attorneys, of counsel), for the People. |

---