2021 IL App (1st) 192008-U

No. 1-19-2008

Order filed December 30, 2021

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 07 CR 13034 |
| | ) | |
| DEMETRIUS HEMPHILL, | ) | Honorable |
| | ) | Alfredo Maldonado, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE GORDON delivered the judgment of the court.
Justices Ellis and Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the second-stage dismissal of defendant's postconviction petition over defendant's contentions that postconviction counsel provided unreasonable assistance and, alternatively, trial counsel was ineffective for failing to introduce medical records in support of his defense.

¶ 2    Defendant Demetrius Hemphill appeals from the circuit court's order dismissing his petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)) at the second stage. On appeal, he argues postconviction counsel

provided unreasonable assistance by failing to (1) file a Rule 651(c) certificate, (2) argue and seek a ruling on the merits of his actual innocence claim, and (3) make necessary amendments to his actual innocence claim. Defendant alternatively argues he made a substantial showing that trial counsel provided ineffective assistance of counsel for failing to introduce his medical records at trial. For the following reasons, we affirm.

¶ 3     Following a 2009 bench trial, defendant was convicted of three counts of aggravated battery to two correctional officers and sentenced to seven years' imprisonment. The evidence established defendant had been involved in an altercation with two officers at the Cook County Jail. Correctional officer Otis Nichols testified that on June 1, 2007, he escorted defendant to his cell following a psychological evaluation. Defendant was handcuffed with his hands in front and was not initially acting aggressively. He asked about his food tray, and Nichols told him he would ask other officers to determine if he had been fed.

¶ 4     Once at the doorway of defendant's cell, Nichols started to remove defendant's handcuffs, and defendant grabbed a cup of liquid and threw it in Nichols' face, which Nichols considered insulting or provoking in nature. The cup contained approximately an inch of liquid; Nichols was not drenched. Defendant then grabbed Nichols, and Nichols struck him in the face with a closed fist. Defendant staggered further back into his cell, and Nichols dropped the handcuffs outside the cell. Nichols' momentum "carried [him] forward" into defendant's cell, and he then needed to "take [defendant] down to the ground." The two then fell onto the bed in the cell.

¶ 5     During the altercation, correctional officer Brandon Lombardi arrived to assist Nichols. Nichols was attempting to restrain defendant, and defendant broke away several times. Lombardi

grabbed defendant's legs to pull him off the bed. Eventually, the officers gained control of defendant, and Nichols handcuffed him.

¶ 6       Nichols could not recall how many times he grabbed defendant because the situation was chaotic. He acknowledged he was "not happy" about defendant's conduct and previously testified he had "lost his temper." Nichols was not aware at the time that defendant made any contact with Lombardi. He observed blood on defendant and acknowledged defendant required medical attention following the incident. Nichols and Lombardi also received medical attention.

¶ 7       Nichols was 6 feet 1 inch and he weighed approximately 350 pounds. Defendant was approximately 5 feet 7 inches and had a "slighter" build but seemed "fairly strong." Nichols was not aware that defendant named him as a defendant in a pending federal lawsuit. Nichols completed a use of force report regarding the incident but acknowledged that he did not include that he and Lombardi sought medical attention.

¶ 8       Correctional officer Brandon Lombardi testified that, while he was working on June 1, 2007, he noticed Nichols "sort of being dragged or pulled into the cell and saw him engaged in a struggle with [defendant]." Lombardi went to assist Nichols by pulling defendant's legs so they could get him on his stomach and handcuff him. Nichols and defendant were not on the bed at that point. As Lombardi reached around Nichols to grab defendant and turn him on his back, defendant started kicking his feet and kicked Lombardi in the face. Defendant was subsequently handcuffed. Lombardi noticed Nichols was "substantially wet."

¶ 9       Lombardi's tooth was chipped as a result of the kick, and he was treated at Cermak Hospital. He was given Motrin for pain and did not file a worker's compensation claim for the injury. Lombardi was 6 feet 5 inches tall and weighed approximately 300 pounds. He did not

observe blood on defendant but acknowledged that defendant received medical treatment following the incident. Lombardi acknowledged he completed a use of force report regarding this incident and checked a box indicating no medical attention was required. He clarified he filled out the report around 6:30 p.m. and did not receive medical attention until after 7 p.m. He acknowledged defendant named him as a defendant in a federal lawsuit related to the incident, in which defendant alleged that his civil rights had been violated.

¶ 10     The parties stipulated that, if called, Dr. Sonya Lott would testify she examined Lombardi following the incident. Her diagnosis was "positive for right chipped incisor, front gums intact without bleeding; and positive for a small contusion to the upper lip."

¶ 11     For the defense, three witnesses (Michael Davis, Frederick Walker, and Tremaine Johnson) testified that they had known Officer Lombardi while incarcerated at Cook County Jail and noticed he had a chipped front tooth prior to June 2007. All three witnesses had prior felony convictions.

¶ 12     The parties stipulated that there was a pending case in federal court captioned "Demetrius Hemphill versus Sheriff Tom Dart, Officer Kern, Officer Lombardi, Officer Nichols, Officer Kouch, and Officer Skinner," which was initiated in March 2008.

¶ 13     In closing, defense counsel argued there was no evidence of injury to the officers, and the officers' testimony regarding the incident was inconsistent. Counsel further stated:

> "There are some things we do know for sure. First, we know that Officer Nichols lost his temper. He told us that himself. We know that Officer Nichols began the struggle by hitting [defendant] in the face with a closed fist. *** His momentum led him to strike [defendant] multiple times. We know what happened as a result. [Defendant] lost teeth, had bruised ribs and spent a number of days in Cermak recovering."

¶ 14    The trial court found defendant guilty of three counts of aggravated battery, finding there was bodily harm to Lombardi and contact of an insulting or provoking nature to both Lombardi and Nichols. In making its ruling, the court found that, while the officers had differing versions of the incident, based on its experience "everybody that's involved in a fight sees it from a different angle as it occurs." It also noted that the defense witnesses "left much to be desired."

¶ 15    The trial court denied defendant's amended motion for a new trial and sentenced him to seven years' imprisonment. We affirmed on direct appeal. *People v. Hemphill*, No. 1-09-2125 (2010) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 16    On January 5, 2012, defendant filed a *pro se* postconviction petition under the Act, alleging, in relevant part, that he was actually innocent based on newly discovered evidence: a Department of Justice (DOJ) report that he obtained from his attorney in 2011. Defendant quoted a passage from the report which detailed that "Dennis L." had been attacked by several officers after an officer refused to give him a dinner tray and Dennis L. threw a cup of liquid at him. The report further detailed that, as a result of the altercation, Dennis L. suffered blunt trauma to his head and body, had three teeth knocked loose, and had a laceration to his lower lip. The report noted that officers and staff from Cook County Jail attempted to conceal inappropriate and excessive use of force. Defendant alleged "Dennis L." was a pseudonym for defendant, and that the DOJ report would have changed the outcome of his trial.

¶ 17    Defendant attached to his petition a "statement of facts," apparently copied from his brief on direct appeal; the amended motion for new trial; and excerpts from the DOJ report regarding the "inappropriate" use of force in the Cook County Jail. It included, among other examples, the excerpt about "Dennis L." that defendant included in his petition.

¶ 18    On September 20, 2012, the circuit court docketed defendant's petition and appointed the office of the Public Defender to represent him. Defendant was initially represented by Assistant Public Defender (APD) Barbara McClure.

¶ 19    On December 14, 2015, APD McClure filed a Rule 651(c) certificate (Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013)) and a supplemental postconviction petition. The certificate certified that APD McClure communicated with defendant by phone and letter to ascertain his contentions of deprivations of constitutional rights, reviewed the *pro se* petition, and made necessary amendments for the adequate presentation of defendant's claims.

¶ 20    The supplemental petition alleged: (1) defendant's actual innocence claim was not time barred; (2) counsel on direct appeal was ineffective for failing to argue defendant was not proved guilty beyond a reasonable doubt; (3) trial counsel was ineffective for failing to introduce defendant's medical records, as evidence of his injuries would have demonstrated the guards were the aggressors; and (4) trial counsel was ineffective for failing to introduce evidence of the DOJ report to show a pattern of abuse by Cook County Jail guards. With respect to the latter claim, defendant argued trial counsel was ineffective for failing to discover the report and introduce it at trial because it supported his defense that the officers fabricated the aggravated battery charge to cover their attack on defendant.

¶ 21    Prior to the State filing its motion to dismiss, APD McClure retired and defendant's case was reassigned to APD Abby Clough. APD Clough informed the court she reviewed and agreed with what APD McClure had filed and was "going to stand on [APD McClure's] 651(c) that she's already filed on behalf of our office."

¶ 22     On September 19, 2018, the State filed a motion to dismiss, arguing defendant's petition was untimely, his actual innocence claim was meritless because the DOJ report was available at the time of his trial and did not meet the requirements for newly discovered evidence, and his ineffective assistance of counsel claims were meritless. The State attached to its motion the transcript for a pretrial proceeding wherein the State had requested access to defendant's medical records from before the June 1, 2007, incident. In the hearing, defense counsel argued against giving the State access to the records, contending defendant's prior medical records were not relevant to the case. Defense counsel added, "The extent of [defendant's] injuries are not really relevant to the court. *** No matter how badly [defendant] may have been beaten by the correctional officers, I don't believe that is an affirmative defense. It certainly is evidence that the court may hear. But it's not an affirmative defense to him doing whatever the officers say he did."

¶ 23     Prior to filing a response to the State's motion to dismiss, APD Clough informed the court she was "almost done *** doing [her] review," but was waiting to obtain a copy of the scanned record from the prior attorney.

¶ 24     On January 15, 2019, APD Clough filed a response to the State's motion, arguing that the delay in filing defendant's petition was not due to his culpable negligence because he had medical issues and was denied access to the law library. Additionally, trial counsel's failure to present defendant's medical records constituted ineffective assistance, and not trial strategy, as the theory of the defense was that the officers beat defendant "so badly *** that they were forced to cover up their abuse by charging [defendant] with a crime." Further, trial counsel was ineffective for failing to present evidence of Cook County Jail's pattern and practice of abuse using the DOJ report, which would have undermined the officers' credibility at trial and corroborated the defense theory

that defendant did not throw anything at the officers, but rather, they used excessive force to restrain him.

¶ 25     At the hearing on the State's motion to dismiss, the State rested on its motion regarding the untimeliness of defendant's petition and defendant's claim of actual innocence based on the DOJ report, noting the report was available at the time of trial because it was released in 2008 and defendant's trial took place in 2009. APD Clough argued defendant's claims regarding trial counsel's ineffectiveness, noting that trial counsel subpoenaed defendant's medical records yet failed to present evidence of defendant's injuries at trial. APD Clough acknowledged the DOJ report existed at the time of defendant's trial and argued that trial counsel's failure to present it was the "crux" of the issue regarding the claim of the pattern and practice of abuse at Cook County Jail. Following APD Clough's arguments, the Assistant State's Attorney stated, "I'm not going to address the timeliness aspect. Even though I've erased it from my motion in keeping it for appellate purpose, I would obviously prefer that your Honor rule on the merits of the matter."

¶ 26     On September 11, 2019, the circuit court granted the State's motion to dismiss. The court found defendant's petition was untimely and his conclusory claims of lack of culpable negligence did not excuse the untimely filing. The court nevertheless addressed the merits of his claims. Relevant here, it concluded his ineffective assistance of trial counsel claims did not set forth substantial showings of constitutional violations because counsel's decisions not to present the DOJ report or defendant's medical records were decisions within the realm of trial strategy and presumed sound. The court found the DOJ report which contained evidence of excessive force within Cook County Jail "has little bearing on the issues in this case." Even if the report supported that the officers used excessive force, "it is not probative of what events preceded it." The court

found the medical records would have been "at least marginally relevant," but "would have had little weight toward the ultimate issue" because they did "not rebut the evidence that [defendant] threw the cup at Officer Nichols or kicked Officer Lombardi."

¶ 27 On appeal, defendant first argues this court should reverse and remand for second-stage proceedings because postconviction counsel, APD Clough, provided unreasonable assistance.[1]

¶ 28 The Act provides for a three-stage process by which a defendant may assert his conviction was the result of a substantial denial of his constitutional rights. *People v. Beaman*, 229 Ill. 2d 56, 71 (2008). At the first stage, the trial court must review the postconviction petition and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2012). If the petition is not dismissed within 90 days at the first stage, counsel is appointed, and it advances to the second stage. 725 ILCS 5/122-2.1(a), (b) (West 2012). At the second stage, the allegations set forth in the petition must make a substantial showing of a constitutional violation. *People v. Hall*, 217 Ill. 2d 324, 334 (2005). The circuit court here advanced defendant's petition to the second stage, appointing counsel to assist him.

¶ 29 At the second stage, the Act provides that an indigent defendant is entitled to representation by appointed counsel. 725 ILCS 5/122-4 (West 2012); *People v. Lander,* 215 Ill. 2d 577, 583 (2005). There is "no constitutional right to counsel, effective or otherwise," in postconviction proceedings. *People v. Custer*, 2019 IL 123339, ¶ 30. Rather, postconviction counsel is required

---

[1] Defendant was assisted by two postconviction counsel but directs his claims regarding unreasonable assistance of postconviction counsel only at APD Clough. In the introduction to his argument, he contends: "Appointed counsel failed to argue and seek a ruling on the merits of his actual innocence claim. She also failed to make two necessary amendments for that claim's presentation at the second stage of proceedings. And she never filed a Rule 651(c) certificate." As APD Clough is the only postconviction counsel who did not file a Rule 651(c) certificate, defendant's claims necessarily refer to her.

to provide defendant with a " 'reasonable level of assistance.' " *Lander,* 215 Ill. 2d at 583 (quoting *People v. Owens*, 139 Ill. 2d 351, 364 (1990)). Reasonable assistance is a lower standard than effective assistance under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *People v. Zareski*, 2017 IL App (1st) 150836, ¶ 50 (citing *People v. Cotto*, 2016 IL 119006, ¶ 29). The circuit court dismissed defendant's petition at the second stage, following a hearing on the State's motion to dismiss.

¶ 30    Defendant initially argues postconviction counsel APD Clough provided unreasonable assistance by failing to file a Rule 651(c) certificate. Defendant contends her reliance on the certificate filed by initial postconviction counsel APD McClure was insufficient under the rule. We disagree.

¶ 31    Rule 651(c) codifies the duties of postconviction counsel. Under this rule, postconviction counsel has a duty to consult with defendant to ascertain his contentions of constitutional deprivation, examine the trial record, and, where necessary, amend the defendant's *pro se* postconviction petition to adequately present defendant's contentions. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). "Fulfillment of the third obligation does not require counsel to advance frivolous or spurious claims on defendant's behalf." *Pendleton*, 223 Ill. 2d at 472. Further, counsel need only investigate and present the constitutional claims raised by the defendant in his *pro se* petition. *Pendleton*, 223 Ill. 2d at 475-76.

¶ 32    Compliance with these duties may be shown by a certificate filed by postconviction counsel. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013); *Lander,* 215 Ill. 2d at 584. Counsel need only substantially comply with Rule 651(c). *People v. Profit,* 2012 IL App (1st) 101307, ¶ 18. The filing of a Rule 651(c) certificate creates a rebuttable presumption that postconviction counsel rendered

reasonable assistance. *Profit,* 2012 IL App (1st) 101307, ¶ 19. Defendant bears the burden to overcome this presumption by demonstrating counsel failed to substantially comply with the duties mandated by Rule 651(c). *Profit,* 2012 IL App (1st) 101307, ¶ 19. We review *de novo* the interpretation of a supreme court rule, including whether counsel fulfilled her duties under Rule 651(c). *People v. Suarez,* 224 Ill. 2d 37, 41-42 (2007). *De novo* consideration means that a reviewing court performs the same analysis that a trial judge would perform. *People v. Van Dyke*, 2020 IL App (1st) 191384, ¶ 41.

¶ 33    We find *People v. Smith*, 2020 IL App (1st) 181220, instructive. Similar to the instant case, in *Smith*, the defendant's appointed postconviction counsel filed a Rule 651(c) certificate and was later replaced by new postconviction counsel, who did not file a certificate. *Smith*, 2020 IL App (1st) 181220. The circuit court dismissed the defendant's petition on the State's motion at the second stage. *Smith*, 2020 IL App (1st) 181220. The defendant argued on appeal that his case should be remanded for further second-stage proceedings as new postconviction counsel, who represented him at the hearing on the State's motion to dismiss, did not file a Rule 651(c) certificate, and the record failed to establish counsel otherwise complied with Rule 651. *Smith*, 2020 IL App (1st) 181220, ¶ 13.

¶ 34    This court disagreed, finding new postconviction counsel could rely on the certificate of compliance filed by the original postconviction counsel, who the defendant did not dispute complied with Rule 651(c). *Smith*, 2020 IL App (1st) 181220, ¶ 20. In reaching that conclusion, this court found that new postconviction counsel's role was different from that of the original postconviction counsel. *Smith*, 2020 IL App (1st) 181220, ¶ 20. New postconviction counsel's role was to address the arguments raised in the State's motion to dismiss, and " 'argue the merits of

[the defendant's] claims as presented in the petition following review by [original postconviction counsel].' " *Smith*, 2020 IL App (1st) 181220, ¶ 20 (quoting *People v. Marshall*, 375 Ill. App. 3d 670, 683 (2007)). To perform that "limited role," it was unnecessary for new postconviction counsel to independently comply with the requirements set forth in Rule 651(c). *Smith*, 2020 IL App (1st) 181220, ¶ 20.

¶ 35    Further, this court concluded that, because Rule 651(c)'s purpose was to ensure that a defendant receives reasonable assistance of counsel under the Act, and original postconviction counsel certified that she complied with those duties, original postconviction counsel's Rule 651(c) certificate created a rebuttable presumption that the defendant received reasonable assistance. *Smith*, 2020 IL App (1st) 181220, ¶ 23. Therefore, new postconviction counsel, who was appointed prior to the hearing on the State's motion to dismiss but after initial counsel had provided the requisite reasonable assistance, was not required to duplicate original postconviction counsel's efforts and independently perform the duties specified in Rule 651(c) to provide reasonable assistance at the hearing on the State's motion to dismiss. *Smith*, 2020 IL App (1st) 181220, ¶ 23. Thus, because the defendant did not rebut the presumption of reasonable assistance created by original postconviction counsel's Rule 651(c) certificate or identify any specific deficiency in new postconviction counsel's performance other than her failure to independently comply with Rule 651(c), remand was unwarranted. *Smith*, 2020 IL App (1st) 181220, ¶ 24.

¶ 36    As in *Smith*, defendant has failed to rebut the presumption of reasonable assistance created by original postconviction counsel APD McClure's Rule 651(c) certificate. The record shows APD McClure filed a Rule 651(c) certificate, certifying she met with defendant, ascertained his claims of constitutional deprivations, and supplemented his petition to adequately present his claims. APD

McClure framed defendant's claim regarding the DOJ report as one of ineffective assistance of trial counsel for failure to discover and present the report to support the theory of defense at trial. Defendant does not contend that APD McClure failed to comply with Rule 651(c).[2]

¶ 37    APD Clough stood on the previously-filed Rule 651(c) certificate, and the record shows she provided reasonable assistance as mandated by the Act by reviewing the record, filing a response to the State's motion to dismiss, and arguing at the motion hearing. In other words, APD Clough performed the "limited role" required of her after APD McClure complied with Rule 651(c). See *Smith*, 2020 IL App (1st) 181220, ¶ 20. In light of this showing, APD Clough was not required to duplicate APD McClure's efforts and file her own Rule 651(c) certificate. See *Smith*, 2020 IL App (1st) 181220, ¶ 23.

¶ 38    Defendant argues that, without a Rule 651(c) certificate, the record must contain a clear and affirmative showing of compliance, and here, the record contains a clear and affirmative showing of noncompliance. He claims postconviction counsel provided unreasonable assistance for failing to argue the merits of his actual innocence claim, make necessary amendments to that claim in his petition or frame it as a *Brady v. Maryland*, 373 U.S. 83 (1963), violation, and seek a ruling on that claim from the circuit court. He also argues that the record shows APD Clough did not provide reasonable assistance because she stated at one hearing that she needed the scanned record in order to file her response to the State's motion to dismiss. We note defendant does not

---

[2] Defendant appears at one point to confuse APD McClure with APD Clough. He argues, "Although counsel incorporated [defendant's] actual innocence claim in the supplemental petition, she failed to argue the merits of, and seek a ruling on, that claim." The first part of the sentence necessarily refers to APD McClure, who drafted the supplemental petition, while the second part refers to APD Clough, who argued defendant's claims in response to the State's motion to dismiss. However, as mentioned previously, defendant clearly direct his claims regarding unreasonable assistance of postconviction counsel solely at APD Clough.

argue that he made a substantial showing of a constitutional violation with respect to his actual innocence claim, only that postconviction counsel's performance was unreasonable in presenting that claim.

¶ 39    As held above, APD Clough was not required to file a Rule 651(c) certificate and could stand on APD McClure's unchallenged certification, which created a rebuttable presumption that the defendant received reasonable assistance. See *Smith*, 2020 IL App (1st) 181220, ¶ 23. Further, we disagree with defendant's assessment of her performance. The record shows APD Clough provided reasonable assistance by reviewing the record and responding to and arguing against the State's motion to dismiss. Although defendant would have preferred counsel make an actual innocence argument premised on the DOJ report rather than an ineffective assistance of trial counsel argument in her response to the State's motion to dismiss and argument against that motion, the facts set forth in the DOJ report did not support an actual innocence claim. See *People v. Sanders*, 2016 IL 118123, ¶ 46 (to advance to the third stage of postconviction proceedings based upon a claim of actual innocence, a petitioner must show that the evidence is newly discovered, material and not merely cumulative, and of such conclusive character that it would probably change the result on retrial).

¶ 40    Defendant was convicted of aggravated battery of correctional officers Nichols and Lombardi for kicking Lombardi and causing bodily harm, making physical contact of an insulting or provoking nature by kicking Lombardi, and making physical contact of an insulting or provoking nature by throwing liquid on Nichols, while the two officers were performing their official duties. See 720 ILCS 5/12-4(b)(6) (West 2006) (recodified as 720 ILCS 5/12-3.05(d)(4)). The testimony at trial established defendant threw liquid on Nichols, struggled with the officers,

and kicked Lombardi, causing injuries to his mouth. The excerpt from the DOJ report allegedly pertaining to defendant shows he threw a cup containing liquid on an officer after being refused dinner and was subsequently attacked by several officers. The DOJ report corroborates that defendant did, in fact, throw liquid on an officer, and is silent regarding whether he kicked Lombardi. Thus, even if the report was newly discovered, it is not probative of defendant's guilt or innocence and is not of such conclusive character that it would probably change the result on retrial because. It therefore does not support an actual innocence claim. *Sanders*, 2016 IL 118123, ¶ 46. Accordingly, defendant cannot show that counsel provided unreasonable assistance by failing to amend his actual innocence claim to include the DOJ report, argue it before the circuit court, and obtain a ruling on its merits.

¶ 41 Defendant next contends his petition should be remanded for a third-stage evidentiary hearing as he made a substantial showing that trial counsel was ineffective for failing to introduce his medical records into evidence.

¶ 42 At the second stage, the dismissal of a petition is warranted only when the allegations in the petition, liberally construed in light of the original trial record, fail to make a substantial showing of a constitutional violation. *Hall*, 217 Ill. 2d at 334. At this stage, the trial court is "concerned merely with determining whether the petition's allegations sufficiently demonstrate a constitutional infirmity which would necessitate relief under the Act" (*People v. Coleman,* 183 Ill. 2d 366, 380 (1998)), and "all well-pleaded facts that are not positively rebutted by the trial record are to be taken as true" (*People v. Pendleton,* 223 Ill. 2d 458, 473 (2006)). The defendant "bears the burden of making a substantial showing of a constitutional violation." *Pendleton,* 223 Ill. 2d at

473. We review the trial court's dismissal of defendant's postconviction petition without an evidentiary hearing *de novo*. *Pendleton,* 223 Ill. 2d at 473.

¶ 43    To determine whether defendant was denied his right to effective assistance of counsel, we apply the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). *People v. Enis*, 194 Ill. 2d 361, 376 (2000). Defendant must show, first, that "counsel's representation fell below an objective standard of reasonableness" (*Strickland*, 466 U.S. at 687-88) and, second, that he was prejudiced such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome, namely, that counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair." *Enis,* 194 Ill. 2d at 376. To prevail on a claim of ineffective assistance, a defendant must satisfy both prongs of the *Strickland* test. *Enis,* 194 Ill. 2d at 377. Thus, we may proceed directly to the prejudice prong. *Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by defendant as a result of the alleged deficiencies.")

¶ 44    Defendant claims trial counsel should have introduced his medical records at trial because counsel relied on them in his closing argument and they would have "further weakened the State's theory of the case, undermining the officers' testimony."[3]

---

[3] The parties dispute whether the State waived the affirmative defense of timeliness with respect to this issue. The State argues defendant's petition was untimely under the Act and, therefore, his ineffective assistance of trial counsel claim is procedurally barred. Defendant contends the State waived the right to assert timeliness because, at the hearing on the State's motion to dismiss, the ASA stated she "erased it from [her] motion." The State's motion to dismiss reflects it raised a timeliness defense, and the State on appeal argues the ASA's comment was a transcription error. Because we dispose of defendant's claim on the merits, we decline to address this argument.

¶ 45    Decisions as to which witnesses to call or what evidence to present are viewed as matters of trial strategy and "generally immune from claims of ineffective assistance of counsel." *People v. West*, 187 Ill. 2d 418, 432 (1999). "The only exception to this [general] rule is when counsel's chosen trial strategy is so unsound that counsel entirely fails to conduct any meaningful adversarial testing." (Internal quotation marks omitted.) *West*, 187 Ill. 2d at 432-33.

¶ 46    Here, we need not determine whether counsel's failure to introduce defendant's medical records was deficient because defendant cannot demonstrate prejudice. *Strickland*, 466 U.S. at 697. The extent of defendant's injuries does not undermine his guilt in the instant case where the issue was whether defendant committed batteries against the officers who were performing their official duties, not whether he suffered injury in committing the offenses. 720 ILCS 5/12-4(b)(6) (West 2006) (recodified as 720 ILCS 5/12-3.05(d)(4)). As set forth above, defendant was convicted of aggravated battery of correctional officers Nichols and Lombardi for kicking Lombardi and causing bodily harm, making physical contact of an insulting or provoking nature by kicking Lombardi, and making physical contact of an insulting or provoking nature by throwing liquid on Nichols, while the two officers were performing their official duties. 720 ILCS 5/12-4(b)(6) (West 2006). The evidence established defendant threw a cup of liquid on Officer Nichols and then grabbed him, which resulted in a physical altercation between the two. When Officer Lombardi arrived to assist Nichols, defendant struggled against the officers and kicked Lombardi in the mouth, bruising his lip and chipping his tooth, which required medical attention. Further, both officers acknowledged that defendant also required medical attention, and Nichols admitted defendant had blood on him. Because medical records showing the injuries defendant sustained during the melee were not probative of whether he committed batteries against the officers, we

cannot say that he was prejudiced by trial counsel's failure to introduce this evidence at trial. Accordingly, we find defendant failed to make a substantial showing of a constitutional violation of ineffective assistance of trial counsel.

¶ 47    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 48    Affirmed.