**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210380-U

Order filed March 22, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0380 Circuit No. 13-CF-426 |
| ANTHONY D. BARLOW, | ) ) ) | Honorable Katherine S. Gorman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices McDade and Brennan concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:   Defendant failed to make a substantial showing that trial counsel was ineffective. Subsequent postconviction counsel who represented defendant at the hearing on the State's motion to dismiss was not required to independently show compliance with Rule 651(c).

¶ 2      Defendant, Anthony D. Barlow, appeals the second-stage dismissal of his postconviction petition. Defendant argues that he made a substantial showing that his trial counsel provided ineffective assistance by failing to inform him of a plea offer. Defendant also argues that the matter should be remanded for further proceedings because postconviction counsel who represented him

at the hearing on the State's motion to dismiss failed to file an Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) certificate and the record does not establish that counsel complied with that rule. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        The State charged defendant with armed robbery (720 ILCS 5/18-2(a)(2) (West 2010)) and later added a charge of first degree murder (*id.* § 9-1(a)(3)). Before adding the first degree murder charge, during an August 30, 2013, hearing at which defendant was present, the State told the court that it had made an offer to the defense that expired that day and, if the offer was not accepted, the State was going to add a first degree murder charge. The State also noted its understanding was that defendant had rejected the offer.

¶ 5        At a scheduling conference on November 1, 2013, with defendant present, the State noted that it had given a revised offer to defendant that day and its understanding was that defendant rejected it. Trial counsel said that the State "did tender to me today a new offer. I did convey that to [defendant] and, for the record, [defendant] did reject that." On the day defendant's jury trial began, November 12, 2013, trial counsel said

> "for the record, at one point in time, an offer was conveyed to [defendant]. [Defendant] rejected that offer. And then at the pretrial just ten days ago, the State gave me a new offer which I then proceeded to give that to [defendant], a floor and then the ceiling with it. I conveyed that to [defendant]. [Defendant] again rejected that.
>
>      So, for the record, I want to make sure that all parties are clear. You didn't want to take that offer?"

2

Defendant responded "Right, exactly." The matter proceeded to trial and defendant was found guilty on both charges.

¶ 6 Trial counsel filed a motion for a new trial, and defendant filed a *pro se* motion arguing ineffective assistance of counsel for failing to investigate Robert Buford as a witness. The court appointed posttrial counsel to argue defendant's ineffective assistance claim. During the hearing appointing posttrial counsel, the court noted that it had received correspondence from defendant alleging an additional ineffective-assistance issue: "something about the timing of when a plea offer was given or something." Posttrial counsel filed another motion for a new trial. The motion incorporated trial counsel's motion and defendant's filing and also alleged ineffective assistance for failing to make certain objections.

¶ 7 At the hearing on the motions on February 27, 2014, defendant testified that trial counsel was ineffective regarding the conveyance of an offer. Defendant stated that "when [trial counsel] came the day before—the 29th of August I think, and *** my court date was the 30th, she told me the reason she didn't bring me the offer, say anything about the offer is because she knew I wasn't going to take it." Posttrial counsel asked, "If I understand your court filing to be correct, *** you stated that the offer was conveyed to you somewhere on or about August 29th of last year?" Defendant responded affirmatively. Posttrial counsel then asked, "So it was before your trial?" Defendant replied, "No, it was the day before. The next day, they said that was the deadline *** for that offer." When asked if he gave trial counsel an answer to the offer, defendant said, "I told her no." The State asked, "So you didn't accept the offer?" and defendant responded "Exactly."

¶ 8 The court denied the motions. It sentenced defendant to 35 years' imprisonment. Defendant appealed arguing that trial counsel was ineffective for failing to (1) investigate and call Buford as

a witness, and (2) request a jury instruction regarding accomplice-witness testimony. This court affirmed. *People v. Barlow*, 2016 IL App (3d) 140334-U.

¶ 9        Defendant, as a self-represented litigant, filed a postconviction petition. Among other issues, defendant alleged trial counsel provided ineffective assistance in regard to a plea offer and appellate counsel was ineffective for failing to raise this issue. Defendant argued that "[h]ad trial counsel properly informed [him] in instant case of the State's plea offer, there was the possibility of the acceptance of plea by the court given that the court was not co[m]fortable with the current imposed minimum sentence." Defendant attached a transcript page from the hearing on his motion for new trial wherein he testified about his claim of ineffective assistance of counsel regarding the failure to convey a plea offer.

¶ 10        The court advanced the petition to the second stage and appointed postconviction counsel, Dennis Merkley. Merkley filed a Rule 651(c) certificate and supplemented defendant's petition by including additional language and legal citations regarding ineffective assistance of trial counsel.

¶ 11        The State moved to dismiss. Relevant here, the State noted the transcript attached to defendant's petition showed defendant knew of the offer before it expired.

¶ 12        Before the court conducted a second-stage hearing, public defender Maggi Wettstein replaced Merkley. She filed a supplemental postconviction petition which incorporated defendant's filing. The petition argued that the plea offered by the State was "a 15 year plea deal which counsel never advised [defendant] of before she turned it down." In support, Wettstein attached an affidavit from defendant alleging that the allegations were true and correct. She also attached a memorandum of offer dated August 20, 2013. The memo said the State offered defendant 20 years' imprisonment and that, if rejected, the State would file first degree murder charges. The memo also said the offer expired at the scheduling conference on August 30, 2013.

4

Finally, Wettstein attached a transcript page from the November 1, 2013, scheduling conference, which indicated the State made a revised offer to defendant and defendant had rejected it.

¶ 13   Wettstein also filed a response to the State's motion to dismiss. She argued trial counsel failed to inform defendant regarding the plea deal. Further, although defendant knew of a plea offer before trial, the details were not communicated to him and he did not become aware of the details until after trial. Additionally, trial counsel did not provide defendant enough information to know what the offer was so that he could not make an informed decision.

¶ 14   The court dismissed the petition, and this appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16                              A. Substantial Showing

¶ 17   Defendant argues the circuit court erred in dismissing his postconviction petition because he made a substantial showing that trial counsel was ineffective for failing to inform him of the State's initial plea offer.[1]

The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a three-stage process for a criminal defendant to assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the second stage, "the defendant bears the burden of making a substantial showing of a constitutional violation." *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). Additionally, "all well-pleaded facts that are not positively rebutted by the trial record are to be taken as true, and, in the event the circuit court dismisses the petition at that stage, we generally review the circuit court's decision using a *de novo* standard." *Id.*

_____

[1]Although Wettstein, in some filings, framed defendant's argument as the failure to fully explain the plea offer to him, on appeal, defendant only argues that he made a substantial showing that counsel failed to inform him of a plea offer, and therefore, we limit our analysis to that argument.

5

¶ 18    Although we recognize that the failure to convey a plea offer can amount to ineffective assistance of counsel (see, *e.g.*, *Missouri v. Frye*, 566 U.S. 134, 145 (2012)), we find defendant failed to make a substantial showing of ineffective assistance because his claim is rebutted by the record. Specifically, at the hearing on his motion for new trial, defendant testified that counsel conveyed an offer to him the day before it expired and that he rejected that offer. Additionally, a memorandum attached by Wettstein in support of the supplemental petition contradicts defendant's assertion that the State made him a 15-year offer because it expressly provided a 20-year offer.

¶ 19    Defendant argues that it is unclear that his petition was based upon the same offer as his motion for new trial. His argument is rebutted by the record. Notably, defendant attached a transcript page with testimony from the motion for new trial as support for his petition, which would be useless unless it pertained to the same offer. Further, Wettstein supported the allegations of the supplemental petition with a memorandum detailing an offer with an August 30, 2013, deadline, Defendant's testimony at the hearing on the motion for new trial indicates it concerned the State's offer that expired on August 30, 2013, because defendant said the offer was conveyed to him the day before his court date and the day before it expired. He further testified that he believed the offer was conveyed to him on August 29 and his court date was August 30, which is supported by the record as transcripts show that defendant was in court on August 30 and the State represented that it had made defendant an offer which was expiring that day.

¶ 20    The only other offer defendant's petition could be referencing based on the supporting documentation—namely the transcript page concerning a revised offer which Wettstein attached to the supplemental petition—was the revised offer the State made to defendant at the scheduling conference on November 1, 2013. But any claim in regard to that offer would also be positively

6

rebutted by the record. The transcripts show that, in defendant's presence, counsel told the court that she conveyed the offer to defendant and he rejected it, facts defendant confirmed in open court.

¶ 21 Based on the foregoing, we conclude that the circuit court properly dismissed defendant's petition.

¶ 22 B. Rule 651(c) Compliance

¶ 23 In his opening brief, defendant also contended the matter should be remanded because Wettstein failed to file a Rule 651(c) certificate and the record fails to establish that she complied with the rule. He argued the rule required compliance by the attorney who ultimately represented defendant at the State's motion to dismiss and that a Rule 651(c) certificate filed by an attorney that no longer represented him did not satisfy the rule's requirements. Defendant also argued that *People v. Smith*, 2020 IL App (1st) 181220, ¶ 23—which held that new postconviction counsel who replaced prior postconviction counsel before the hearing on the State's motion to dismiss "was not required to duplicate [prior postconviction counsel's] efforts and independently perform the duties specified in Rule 651(c) in order to provide reasonable assistance at the motion hearing"—was wrongly decided. At the time defendant filed his opening brief, our supreme court had granted leave to appeal in *Smith* but had not yet issued its opinion. In his reply brief, while not conceding this issue, defendant acknowledges our supreme court had by then issued its opinion in *Smith* and declined to provide any further argument.

¶ 24 In *People v. Smith*, 2022 IL 126940, ¶¶ 15, 19, 29, our supreme court affirmed the appellate court and rejected arguments nearly identical to those raised in defendant's opening brief. Accordingly, Wettstein was not required to independently establish compliance with Rule 651(c). As stated in *Smith*, "[b]y virtue of [prior postconviction counsel] filing a Rule 651(c) certificate, a rebuttable presumption arose that petitioner received reasonable assistance of postconviction

7

counsel. [Citation.] Petitioner did not seek to rebut that presumption." *Id.* ¶ 29. Similarly here, there is no dispute that Merkley filed a Rule 651(c) certificate and thus, there is a presumption that defendant received reasonable assistance of postconviction counsel. Defendant did not seek to rebut that presumption. As such, defendant is not entitled to remand for further second-stage proceedings.

¶ 25                                    III. CONCLUSION

¶ 26        For the reasons stated, we affirm the judgment of the circuit court of Peoria County.

¶ 27        Affirmed.